IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Jeffery Werner, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| The OutSource Group, a Missouri ) | **1: 08-cv- 08 63 -SEB -JMS** |
| corporation, and Medicredit, Inc., a ) | |
| Missouri corporation, ) | |
| ) | |
| Defendants. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Jeffery Werner, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

3. Plaintiff, Jeffery Werner ("Werner"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt owed originally to St. Vincent's, and then allegedly owed to to Medicredit and/or The OutSource Group.

4.      Defendant, The OutSource Group, Inc. ("TOG"), is a Missouri corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, TOG was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Mr. Werner.

5.      Defendant, Medicredit, Inc. ("Medicredit"), is a Missouri corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, Medicredit was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Mr. Werner.

6.      TOG and Medicredit are sister corporations and, in all likely events, share offices, employees and information services.  In fact, TOG is the "litigation group" for Medicredit.

**FACTUAL ALLEGATIONS**

7.      On March 12, 2008, Mr. Werner filed a Chapter 7 bankruptcy petition in a matter styled In re: Werner, S.D. Ind. Bankr. No. 08-02464-FJO-7.  Among the debts listed on Schedule F of Mr. Werner's bankruptcy petition was the St. Vincnet's medical debt that he then allegedly owed to Medicredit, and Medicredit was listed on the bankruptcy petition regarding the debt.  See, excerpt of bankruptcy petition attached as Exhibit A.

2

8. On March 16, 2008, Medicredit was sent notice of Mr. Werner's bankruptcy by the court, via First Class U.S. Mail, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit B.

9. Nonetheless, Defendants caused to filed a small claims lawsuit against Mr. Werner on May 16, 2008, in a matter styled TOG v. Jeffery Werner, No. 49K02-0805 SC 3081 (Marion County, Indiana), to collect the St. Vincent's debt that was included in Mr. Werner's bankruptcy. A copy of this lawsuit is attached as Exhibit C.

10. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### False Representation Regarding A Debt That Is Not Owed

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt. See 15 U.S.C. § 1692e(2)(A).

14. Stating in its lawsuit (Exhibit C), that Mr. Werner owed the debt at issue and demanding payment of it, when, in fact, the debt could no longer be collected from

Mr. Werner due to his bankruptcy, was a false representation that violates § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

15. Moreover, Medicredit falsely represented to TOG that the debt at issue could be collected and/or the Defendants falsely represented to their attorney, B. Scott Hibbard, that the debt at issue could be collected.

16. Defendants' violations of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA – Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-11.

18. Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 1692c(a)(2).

19. Defendants were given direct, written notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with the debt at issue. By filing the May 16, 2008 lawsuit against Mr. Werner and directly serving it upon him (Exhibit C), despite notice that he was represented by bankruptcy counsel in connection with this debt, Defendants violated § 1692c(a)(2) of the FDCPA.

20. Defendants' violations of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jeffery Werner, prays that this Court:

1. Declare that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Werner, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jeffery Werner, demands trial by jury.

Jeffery Werner,

By: _____
One of Plaintiff's Attorneys

Dated: June 25, 2008

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Steven J. Halbert   (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com

5